ROBERT H. DUNN, Secretary Department of Administration
Your predecessor asked whether the Department of Administration is required by law to purchase professional *Page 252 
architectural and engineering consulting services by means of the bidding process.
The following sections of the Wisconsin Statutes must be considered:
 "16.06 Contractual services. The department or its agents may contract for personal services which can be performed more economically or efficiently by such contract."
 "16.70 Purchasing; definitions. As used in ss. 16.70
to 16.81 the following terms shall mean:
"* * *
 "(4) `Contractual services' includes all materials and services, and any construction work involving less than $2,500 for construction work to be done for or furnished to the state or any agency thereof."
 "16.75 Buy on low bid, exceptions. (1) (a) All orders awarded or contracts made by the department for all materials, supplies, equipment and contractual services, except as otherwise provided in subs. (3) and (7), shall be awarded to the lowest responsible bidder, taking into consideration the location of the institution or agency, the quantities of the articles to be supplied, their conformity with the specifications, the purposes for which they are required and the date of delivery, but preference shall always be given to materials, supplies, equipment and contractual services of Wisconsin producers, distributors, suppliers and retailers. Bids shall be received only in accordance with such standard specifications as are adopted by the department as provided in this subsection. Any or all bids may be rejected. Each bid, with the name of the bidder, shall be entered on a record, and each record with the successful bid indicated shall, after the award or letting of the contract, be opened to public inspection.
 "(b) When the estimated cost exceeds $10,000, due notice inviting bids shall be published as a class 2 notice, under ch. 985, and the bids shall not be opened until at least 7 days from the last day of publication. The official advertisement shall give a clear description of the materials, supplies, equipment or service to be purchased, the amount of the bond *Page 253 
or check to be submitted as surety with the bid and the date of public opening.
 "(c) When the estimated cost is $10,000 or less, the lowest responsible bidder shall be selected in accordance with simplified bidding procedures established by the department for such contracts.
"* * *
 "(6) Subsections (1) to (5), except as to their requirements in connection with printing and stationery, shall not be deemed to apply to the purchase of supplies, materials or equipment from the federal government or any agency thereof and, with the approval of the governor, may be waived with respect to purchases from private sources when such action is deemed to be in the best interests of the state.
"* * *"
 "16.85 Department of administration; powers, duties. The department of administration shall exercise the powers and duties prescribed by ss. 16.85 to 16.91:
 "(1) To take charge of and supervise all engineering or architectural services or construction work performed by, or for, the state, or any department, board, institution, commission or officer thereof, including nonprofit-sharing corporations organized for the purpose of assisting the state in the construction and acquisition of new buildings or improvements and additions to existing buildings as contemplated under ss. 13.488, 36.09 and 36.11, except the engineering, architectural and construction work of the highway commission and the engineering service performed by the department of industry, labor and human relations, department of revenue, public service commission, department of health and social services and other departments, boards and commissions when such service is not related to the maintenance, construction and planning of the physical properties of the state;
 "(2) To furnish engineering and architectural services whenever requisitions therefor are presented to him by any department, board, commission or officer; *Page 254 
 "(3) To act and assist any department, board, commission or officer requesting such co-operation and assistance, in letting contracts for engineering or architectural work authorized by law and in supervising the work done thereunder;
"* * *"
 "16.87 Approval of contracts by secretary and governor; audit. Every contract for engineering or architectural service and every contract involving an expenditure of $2,500 or more for construction work to be done for, or furnished to the state, or any department, board, commission or officer thereof, shall, before it becomes valid or effectual for any purpose, have indorsed thereon in writing the approval thereof of the secretary or a designated assistant, and all such contracts over $15,000 shall also have approval of the governor; and no payment or compensation for work done under any contract involving $2,500 or more, except highway contracts, shall be made unless the written claim therefor is audited and approved by the secretary or a designee. Any change orders to contracts requiring approval under this section shall require prior approval by the secretary or a designated assistant, and any such change orders over $15,000 shall also have the approval of the governor.
 "16.89 Construction controlled by chapter 16. No department, independent agency, constitutional office or agent of the state shall employ engineering, architectural or allied services or expend money for construction purposes on behalf of the state, except as provided in this chapter."
Section 16.75 (1), Stats., requires that "contractual services" shall be purchased by the Department of Administration from the lowest responsible bidder. Section 16.70 (4) specifies that the term "contractual services" includes "all materials and services."
The term "all . . . services" is not defined in ch. 16, Stats. One would normally conclude that the use of the term "all" prior to "services" would require broad application of the section including such matters as personal and professional services rendered by architects and engineers. However, such a broad construction of sec. 16.75 (1) and 16.70 (4), Stats., is in conflict with the general rule that personal service contracts involving professional or artistic *Page 255 
endeavors are generally not included within the scope of statutes requiring government contracts to be let to the lowest responsible bidder. In the case of Flottum v. City of Cumberland
(1940), 234 Wis. 654, 291 N.W. 777, our state Supreme Court held that a contract to perform professional engineering services should not be included within the scope of a statute requiring local government contracts to be let to the lowest responsible bidder. In the Flottum case a statute requiring "all public service work" to be let on bid was deemed not to include services requiring peculiar professional education and experience. This is the general rule in most jurisdictions. See Anno. 15 A.L.R. 3d 733.
The basis for this general rule appears to be that, 1) professional work is generally of a type which cannot be written into specifications; 2) establishing the lowest bid as a test of employing professionals would result in obtaining the least competent individual; and 3) employment of a professional is in large part based upon trust, competence or artistic traits.
In addition to this general rule of construction it appears that long standing administrative construction within the Department of Administration has exempted contracts for architectural or engineering services from the bidding requirements. However, despite this understanding within the Department of Administration, the Governor continues to sign personal service contracts. Since the Governor has authority to waive bidding requirements and no specific procedure is specified for the Governor to exercise this waiver, his signature probably constitutes such a waiver.
Based on the foregoing, it appears that the words "contractual services" and "all . . . services" are ambiguous. That is to say that the statute is capable of being understood by reasonably well informed persons in two or more different senses. State exrel. Neelen v. Lucas (1964), 24 Wis.2d 262, 267, 128 N.W.2d 425,Kindy v. Hayes (1969), 44 Wis.2d 301. 308, 171 N.W.2d 324. When words in a statute are ambiguous, resorting to matters outside the face of the statute to determine the meaning of the statute is appropriate. Such an inquiry is made for the purpose of ascertaining the legislative intent. Kindy v. Hayes, supra. In such circumstances our state Supreme Court has instructed us to determine legislative intent: *Page 256 
 ". . . from the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished [citation omitted] and when there are statutes relating to the same subject matter they should be read together and harmonized, if possible . . . ." City of Milwaukee v. Milwaukee County (1965), 27 Wis.2d 53, 56, 133 N.W.2d 393.
The ambiguity in the words "all . . . services" is resolved by the legislative history of sec. 16.70 (4), Stats. The predecessor section to sec. 16.70 (4), Stats., reads as follows:
 "(4) The words `contractual services' include gas, electricity, steam, telephone, telegraph, freight, express, drayage, towels, drinking water, postage, printing, binding and similar services, and any contract involving less than $1,000 for construction work to be done for, or furnished to the state or any agency thereof."
This section was amended by 1967 Senate Bill 17. The drafting record for that bill contained in the file of the Legislative Reference Bureau includes the following paragraph:
 "Present s. 16.70 (4) excludes by failure to enumerate many technical and professional services for which the state contracts. The intent of the revision is to eliminate any enumeration of specifics, identifying contractual services by the general terms `materials and services.'"
Moreover, the analysis by the Legislative Reference Bureau which was specifically printed on the face of 1967 Senate Bill 17 stated in part:
 "The bill eliminates the enumeration of specifics as they relate to technical and professional services for which the state may contract, to specific items which the department may procure in performing their property management functions, and to other specifics which may exclude by the failure to enumerate."
This sentence does not make sense as stated. It does make sense if interpreted to mean that the legislature intended to include all services and avoid the exclusio rule. I would conclude based on this legislative history combined with the broad statutory language "all materials and services" that competitive bidding is required for professional service contracts. *Page 257 
Such a result is not in conflict with other sections of the statutes giving the department power to deal with specific issues related to architectural and engineering services.
Section 16.06 is a general authorization to the department to contract for personal services. The language in sec. 16.06
relates specifically to the power of the department to contract for personal services outside of the civil service system. The general authority to make such contracts does not conflict with the more specific restrictions of the purchasing statutes regulating bidding on such contracts.
Section 16.85 provides general authorization for the department to take charge of, supervise and furnish all architectural and engineering services performed by or for the state, its agencies or officers, and to assist in letting contracts for such architectural and engineering work. That section neither provides nor refers to any procedure that the department should follow in purchasing such services, and does not mention negotiation or awarding of contracts without bidding.
Section 16.89 expressly says that the state shall not employ architectural or engineering services except as provided in ch. 16. This appears to be a clear mandate by the legislature. It precludes the inference that negotiation and awarding of such contracts without bidding is permitted because sec. 16.85 makes no reference to bidding. Since sec. 16.75 (1) specifically covers all contractual services, I conclude that secs. 16.75, 16.85 and16.89 are in pari materia and must be construed with reference to each other.
Substantial latitude is provided to the Department of Administration and to the Governor in obtaining professional services. Subsections 16.75 (1) and (6), Stats., do provide for discretion in that the architect or engineer selected must be the lowest responsible bidder and that any and all bids may be rejected. Further, the bidding requirements may be waived with the approval of the Governor when such action is deemed in the best interests of the state.
The present procedures requiring the Governor's signature on personal service contracts insures a valid waiver of the bidding requirements and would, in my opinion, effectively insulate such *Page 258 
contracts from any charge that they were not entered into pursuant to ch. 16 procedures as is required by sec. 16.89.
BCL:DJH:DAM