DARWIN L. ZWIEG, District Attorney Clark County
You ask whether architectural services are subject to the competitive bidding requirements of section 59.08, Stats., including the requirement that the county board advertise its intent to let contracts between $5,000 and $20,000. If section59.08 does not apply to architectural services, you ask whether the county could nonetheless advertise for those services. I conclude that section 59.08 does not apply to architectural services but the county may advertise for proposals for architectural services.
Section 59.08(1) states:
 All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed $20,000 shall be let by contract to the lowest responsible bidder. Any public work, the estimated cost of which does not exceed $20,000, shall be let as the board may direct. If the estimated cost of any public work is between $5,000 and $20,000, the board shall give a class I notice under ch. 985 before it contracts for the work or shall contract with a person qualified as a bidder under s. 66.29(2).
"Public work" is not defined. In Flottum v. Cumberland,234 Wis. 654, 662-63, 291 N.W. 777 (1940), our supreme court interpreted section 62.15(1), which required cities to award contracts to the lowest responsible bidder for "all public work," as not including architectural services. Because both sections62.15(1) and 59.08(1) involve public bidding, they should be considered in pari materia and construed together. Glinski v.Sheldon 88 Wis.2d 509, 519, 276 N.W.2d 815 (1979). The predecessor to present section 59.08 became law approximately five years after the court's decision in Flottum. The court's interpretation of "public work" in section 62.15(1) became part of that statute because the statute was not amended. The Legislature's use of "public work" in the county bidding statute so soon after the court's interpretation of that *Page 183 
phrase as not including architectural services in the city bidding statute leads me to conclude that the Legislature did not intend architectural services to be included. Salerno v. JohnOster Mfg. Co., 37 Wis.2d 433, 155 N.W.2d 66 (1967).
In 65 Op. Att'y Gen. 251 (1976), section 16.75 was interpreted as requiring the state to comply with state bidding requirements before purchasing architectural and engineering services. That interpretation, however, rested on the definition of "contractual services" in section 16.70 as including "all materials and services." The opinion noted that the court's holding in Flottum
that services requiring professional education and experience were not included in bidding requirements was the general rule in most jurisdictions.
In Aqua-Tech v. Como Lake Protect. Rehab. Dist.,71 Wis.2d 541, 546, 239 N.W.2d 25 (1976), the court reaffirmed its holding in Flottum and noted that the professional services exception to the usual bidding requirements has been "engrafted onto bid statutes by judicial construction on the theory that public bodies should be free to judge the professional qualifications of those who are to perform such services." Aqua-Tech,71 Wis.2d at 546. In light of this legislative history, I must conclude that the Legislature did not intend to include architectural and engineering services within the definition of "public work" in section 59.08.
Because professional services are not included within the definition of "public work," the county need not advertise its intent to let a contract involving professional services. The county could decide that it is good public policy to advertise for proposals to provide architectural services. "Statutory bidding requirements [are designed] to prevent fraud, collusion, favoritism and improvidence in the administration of public business, as well as to insure that the [public] receives the best work or supplies at the most reasonable price practicable."Blum v. Hillsboro, 49 Wis.2d 667, 671, 183 N.W.2d 47 (1971). It certainly would be reasonable for a county to conclude that what is true of all other contracts is also true for professional services.
DJH:AL *Page 184